IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES MATHIS**                                                                                **PETITIONER**

**v.**                                                                      **No. 3:19CV132-SA-DAS**

**PELICIA HALL, ET AL.**                                                   **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of James Mathis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has not responded to the motion, and the time to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

**Exhaustion**

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
>                           . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

## Procedural Posture

James Mathis is in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Carroll-Montgomery Regional Correctional Facility in Vaiden, Mississippi. On July 7, 2017, he pled guilty to one count of burglary of a dwelling as a habitual offender in Cause No. LK16-287 in the Circuit Court of Lafayette County, Mississippi. *See* Exhibit A[1] (Sentencing Order). On July 7, 2017, the circuit court sentenced Mathis to serve fifteen (15) years, with ten and one half (10 ½) years suspended and four (4) years to serve as a habitual offender in the custody of the MDOC, followed by a term of five (5) years of post-release supervision ("PRS"). *Id.*

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

On June 19, 2019, Mr. Mathis signed a *pro se* Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254, which was stamped as "filed" in this court on June 18, 2019.[2] ECF doc. 1. In the instant Petition, Mr. Mathis challenges his conviction and sentence for burglary, raising the following grounds, as stated verbatim:

**Ground One**: Effective assistance of counsel

**Ground Two**: Guilty plea was coerced with the D.A./no factual bas[i]s

**Ground Three**: Perjury/false testimony

**Ground Four**: Due Process rights violated

**Ground Five**: 1st Amendment

**Ground Six**: 4th Amendment

**Ground Seven**: 6th Amendment

**Ground Eight**: 8th Amendment

**Ground Nine**: 14th Amendment

*Id*. As discussed below, Mr. Mathis has not presented his claims to the state's highest court, and, thus, they are unexhausted.

On May 23, 2018, Mr. Mathis filed a Motion for Post-Conviction Collateral Relief ("PCR Motion") in Lafayette County Circuit Court, Cause No. L18-249. Exhibit E (PCR Motion, May 23, 2018). In the PCR Motion, he argued that he is entitled to relief based upon the following grounds, as stated verbatim: (1) ineffective assistance of counsel; (2) guilty plea/factual basis, guilty plea was coerced with the D.A.; (3) perjury; (4) actual and factual innocence; and (5) my 5th, 6th, 8th, [and] 14th [amendment] constitutional rights have been violated." *Id*. On October 17, 2019, the trial court

---

[2] It appears Mr. Mathis dated the instant Petition on June 19, 2019, one day prior to it being stamped as "filed online" in this court on June 18, 2019. (*See* ECF doc. 1).

entered an Order Denying Relief Requested in response to the Petitioner's original PCR Motion filed on May 23, 2018, in Lafayette County Circuit Court, Cause No. L18-249. The court found:

> After reviewing the documents filed by the Petitioner, the Court finds it plainly appears from the face of the petitions, exhibits, and prior proceedings that the Petitioner is not entitled to any relief. Therefore, the Court is of the opinion the requested relief is not well taken and is hereby DENIED.

Exhibit F ("Order Denying Relief Requested," October 17, 2019).

Between the filing of his first PCR Motion and the circuit court's denial of same in Cause No. L18-249, Mathis filed several additional pleadings which are docketed in Lafayette County Circuit Court, Cause No. L18-436.[3] He filed a "Motion for Appointment of Counsel" and a "Motion for Evidentiary Hearing" on September 17, 2018. *See* Exhibit G ("Motion for Appointment of Counsel," September 17, 2018); Exhibit H ("Motion for Evidentiary Hearing," September 17, 2018). In his "Motion for Evidentiary Hearing," he argued additional grounds for a second PCR Motion, listing 'Grounds Upon Which Motion is Based' and detailing the following grounds: (1) ineffective assistance of counsel; (2) guilty plea/factual basis; (3) perjury; (4) 4th, 5th, 6th, 8th, 14th Constitutional rights violated; (5) actual and factual innocence. *Id*. Mathis also filed an Application to Proceed *In Forma Pauperis*. Exhibit I (Application to Proceed *In Forma Pauperis*, September 17, 2018).

On September 24, 2018, Mathis filed a "Motion for Leave to File an Amended Complaint" in Lafayette County Circuit Court, Cause No. L18-436, wherein he argued that he "left out [sic] grounds

---

[3] Careful review of the dockets mentioned throughout reveals that there are several identical pleadings filed in *both* Cause No. L18-436 (civil docket) and Cause No. LK16-287 (criminal docket): "Motion for Appointment of Counsel;" "Declaration in Support of Motion for Appointment of Counsel;" "Motion for Evidentiary Hearing;" "Application to Proceed *In Forma Pauperis*;" "Notice of Motion Requesting Notice of Appeal Appealing to the Mississippi Supreme Court and Application to Proceed *In Forma Pauperis*;" and "Order Denying Leave to Proceed *In Forma Pauperis*." *See* Exhibits B and C. All pleadings discussed in this opinion relate to the Petitioner's guilty plea of burglary of a dwelling, entered on July 7, 2017. *See* Exhibit A.

4th Amendment of the U.S. Constitution[,] maliciously prosecuted and demand for jury trial." Exhibit J ("Motion for Leave to File an Amended Complaint," September 24, 2018). Mathis went on to allege that "[s]ince filing the Complaint[,] Petitioner determined that he was maliciously prosecuted and deprived of his liberty (seized) for a crime he did not commit." *Id*. Further, Mathis alleged that "Marcus Wilson deprived Petitioner of various constitutional rights including, but not limited to, his right to remain free from malicious prosecution, wrongful conviction, and unlawful confinement." *Id*.

On October 9, 2018, in Lafayette County Circuit Court, Cause No. L18-436, the trial court considered the Petitioner's "Motion for Evidentiary Hearing" pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act and denied such as being successive. Exhibit K ("Order Denying Relief Requested," October 9, 2018). In addition, the trial court considered Mathis's "Motion for Appointment of Counsel," denying same. *Id*.

Next, on January 22, 2019, Mathis appealed the circuit court's October 9, 2018 Order by filing a "Notice of Motion Requesting Notice of Appeal, Appealing to the Mississippi Supreme Court and Amending a Complaint," which was docketed as Mississippi Supreme Court Cause No. 2019-TS-00181-COA. Exhibit L ("Notice of Motion Requesting Notice of Appeal, Appealing to the Mississippi Supreme Court and Amending a Complaint, January 22, 2019").4 Mathis's appeal was dismissed by the Mississippi Court of Appeals on July 16, 2019, pursuant to Miss. R. App. P. 2(a)(2), for failure to pay the costs of the appeal, and the mandate issued on August 6, 2019. Exhibit M (Mandate Issued, August 6, 2019).

On February 7, 2019, in Lafayette County Circuit Court, Cause No. L18-436, the trial court

---

[4] The same motion was also filed in the Lafayette County Circuit Court, Cause No. L18-436, on February 7, 2019 *and* filed on February 19, 2019, *with exhibits*.

- 5 -

entered an "Order Denying Leave to Proceed *In Forma Pauperis*" and noted:

> This cause is before the Court by virtue of the filing by Petitioner of certain documents titled "Notice of Motion Requesting Notice of Appeal, Appealing to the Mississippi Supreme Court and Amending a Complaint." It appears to the Court that the Petitioner is seeking to appeal the previous Order of this Court, dated October 9, 2018, in which this Court denied Petitioner's "Motion for Evidentiary Hearing" and "Motion for Appointment of Counsel." This Court finds it is without authority to grant the Petitioner's current request because it is untimely. Therefore, the Petitioner's request to appeal the ruling *in forma pauperis* is hereby DENIED.

Exhibit N ("Order Denying Leave to Proceed *In Forma Pauperis*," February 7, 2019).[5]

On April 2, 2019,[6] in Lafayette County Circuit Court, Cause No. L18-436, Mathis filed a "Motion of Objection, Alternatively Requesting Reconsideration and Rehearing, Alternatively Requesting Notice of Appeal to the Mississippi Supreme Court," in which he objected to the circuit court's February 28, 2019 "Order Granting Leave to Appeal *In Forma Pauperis* is Set Aside." Exhibit Q ("Motion of Objection, Alternatively Requesting Reconsideration and Rehearing, Alternatively Requesting Notice of Appeal to the Mississippi Supreme Court," April 2, 2019). On May 20, 2019, the circuit court found "[t]he requested relief is without merit and hereby DENIED." Exhibit R ("Order Denying Requested Relief," May 20, 2019).

## Discussion

Mr. Mathis has not yet presented the claims raised in the instant petition to the Mississippi

---

[5] However, on February 20, 2019, the Lafayette County Circuit Court filed an "Order Granting Leave to Appeal *In Forma Pauperis*" allowing the Petitioner to appeal to the Mississippi Supreme Court. Exhibit O (Order Granting Leave to Appeal *In Forma Pauperis*, February 20, 2019). Then, on February 28, 2019, the Lafayette County Circuit Court recognized the conflicting orders regarding *in forma pauperis* mentioned above, and ordered the February 20, 2019 Order to be set aside. Exhibit P ("Order Granting Leave to Appeal *In Forma Pauperis* is Set Aside," February 28, 2019).

[6] The pleading itself has a filed "stamped" date of April 1, 2019, while the general docket sheet has a "filed" date of April 2, 2019.

Supreme Court. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and the petitioner needs to move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this, the 26th day of June, 2020.

                                                      /s/ Sharion Aycock
                                                  UNITED STATES DISTRICT JUDGE